UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELANIE ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO.: 1:21 CV 2333 |
| RED LOBSTER RESTAURANTS LLC | ) ) ) |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

Defendant, Red Lobster Restaurants LLC ("Defendant"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and S.D. Ind. L.R. 81-1, hereby files this Notice of Removal to remove the above-titled civil action from the Superior Court of Wayne County, Indiana, to this Court based upon the following supporting grounds, appearing solely for the purpose of removal, and for no other purpose, and preserving all other defenses available to it.

1. Copies of all process and pleadings filed and/or received by Defendant and the docket sheet for the Wayne County Court action, as of August 25, 2021, are attached hereto and incorporated herein as **Exhibit 1**.

2. On March 18, 2021, Plaintiff Melanie Anderson ("Plaintiff") filed a Complaint for Damages in the Superior Court of Wayne County, Indiana, styled as *Melanie Anderson v. Red Lobster Restaurants* LLC, under Cause No. 89D01-2103-CT-000016. (**Exhibit 1**, at pp. 0004-0006; *see also* Complaint for Damages, attached as **Exhibit 2**).

3. Plaintiff claims that on December 27, 2019, while at a Red Lobster restaurant, she "tripped and fell on an entry way rug that was flipped up in a negligent position." (**Exhibit 2**, at ¶8). Plaintiff has sued Defendant for negligence and claims she

"sustained severe and permanent personal injuries," including "limitation of motion and extreme pain and suffering." (**Exhibit 2**, at ¶¶10-11). She further has been "required to engage the services of hospitals, physicians and medical technicians for medical care and treatment, medication, x-rays, physical therapy, and has incurred, and may incur in the future, reasonable medical bills for such treatment." (**Exhibit 2**, at ¶12).

4. Plaintiff served a summons and copy of the Complaint for Damages upon Defendant's registered agent, by certified mail, on July 26, 2021. (**Exhibit 1**, at pp. 0020-0022; *see also* USPS Tracking Results attached as **Exhibit 3**). Thus, this Notice of Removal is being filed within thirty (30) days after Plaintiff's service of the initial pleading in this matter and is timely under 28 U.S.C. §1446(b).

5. Plaintiff is a citizen of Wayne County. (**Exhibit 2**, at ¶1).

6. Defendant is, and was at the time the Complaint for Damages was filed, a Florida foreign limited liability company. To demonstrate diversity jurisdiction, an LLC "must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Defendant's Members are as follows:

- Thai Union Group Public Company limited, a Thailand publicly-traded corporation, with a principal place of business in Thailand;
- Seafood Alliance Limited, a Hong Kong company with its principal place of business in Hong Kong;
- Antares Midco Inc., a Delaware corporation with its principal place of business in Illinois; and

- Foreign citizens (individuals) domiciled in the countries of Germany, Thailand, British Virgin Islands, Malaysia, and Australia; and
- Citizens (individuals) domiciled in Arizona, Florida, Illinois, Kentucky, Missouri, New York, North Carolina, Rhode Island, Texas, and Utah.

Accordingly, because corporations are citizens of both the state of incorporation and the state in which the corporation has its principal place of business, and because individuals are citizens of their state of domicile, Defendant is a citizen of Thailand, Hong Kong (China), Germany, British Virgin Islands, Malaysia, Australia, Arizona, Delaware, Illinois, Florida, Kentucky, Missouri, New York, North Carolina, Rhode Island, Texas, and Utah. *Winforge, Inc. v. Coachmen Indus.*, 691 F.3d 856, 867 (7th Cir. 2012).

7. Because Plaintiff and Defendant are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a). "A case falls within the federal district court's 'original' diversity jurisdiction only if diversity of citizenship among parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381 (1998).

8. Plaintiff's Complaint for Damages is silent as to the value of her claims, and Plaintiff's Counsel did not respond to a request, sent on July 29, 2021, inquiring if Plaintiff would stipulate that her damages do not exceed $75,000. (*See* July 29, 2021 Correspondence, attached as **Exhibit 4**). However, based on pre-suit exchanges, Defendant believes that Plaintiff, who was 79 years old at the time of her fall, will claim that she fractured her shoulder, suffered pain and lacerations to her knee, and suffered pain in her wrist. Additionally, on February 23, 2021, Plaintiff issued a

3

settlement demand that substantially exceeded the $75,000 threshold for removal. Accordingly, Defendant reasonably believes that the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence . . . Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'") (internal citation omitted).

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

10. Because the state court action was filed in Wayne County, Indiana, the District Court for the Southern District of Indiana, Indianapolis Division, is the proper venue. See, 28 U.S.C. §§ 1441(a) and 94(b)(1).

11. On August 25, 2021, a notice of this filing will be filed in the Wayne County Superior Court via the Indiana State Court electronic filing system and will be served upon all known counsel in that case. A copy of that Notice is attached hereto as **Exhibit 5**.

WHEREFORE, Defendant, Red Lobster Restaurants LLC, by counsel, respectfully gives notice that this civil action is removed to this Court from the Wayne County Superior Court.

> Respectfully submitted,
>
> */s/ Katherine M. Haire*
> Katherine M. Haire (31330-49)
> REMINGER CO., LPA
> College Park Plaza
> 8909 Purdue Road, Suite 200
> Indianapolis, IN 46268
> Tel: 317-663-8570
> Fax: 317-228-0943
> khaire@reminger.com
> *Attorney for Defendant,*
> *Red Lobster Restaurants LLC*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document has been filed utilizing the Court's Electronic Filing System (EFS), which will send notice on this 25th of August, 2021, to all registered parties as follows:

Jason A. Shartzer, Esq.
Shannon B. Mize, Esq.
SHARTZER LAW FIRM, LLC
156 E. Market St.
10th Floor, Ste. 1000
Indianapolis, IN 46204
*Attorney for Plaintiff*

> */s/Katherine M. Haire*
> Katherine M. Haire (#31330-49)
> REMINGER CO., L.P.A.

5