UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELANIE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02333-JPH-TAB |
| | ) | |
| RED LOBSTER RESTAURANTS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.    Introduction**

A motion for reconsideration is an extraordinary remedy reserved for the exceptional case. *Hurt v. Vantlin*, 2020 WL 4218043, at *1 (S.D. Ind. July 23, 2020) (*quoting Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)).  This is such a case.

On February 25, 2022, the Court overruled Plaintiff Melanie Anderson's objection and granted Defendant Red Lobster Restaurant's motion for leave to amend to identify non-party Aramark Uniform & Career Apparel.  [Filing No. 23.]  Aramark supplied and serviced rugs at Red Lobster.  Plaintiff alleges Defendant's negligence caused her to trip and fall on December 27, 2019, on an entryway rug that was flipped up in a negligent position.  [Filing No. 1-1, at ECF p. 6.]  The Court allowed Defendant to add Aramark as a non-party because Defendant's motion to amend was filed prior to the Case Management Plan's deadline for such amendments, because Plaintiff delayed in responding to interrogatories Defendant had served, and because the interests of justice supported allowing the amendment.  [Filing No. 23, at ECF p. 1.]  As Plaintiff's motion

for reconsideration and supporting brief demonstrate, the Court should not have allowed this amendment.

## II.     Discussion

This negligence case is governed by Indiana's Comparative Fault Act.  Indiana Code § 34-51-2-16 provides:

> A nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as part of the first answer. A defendant who gains actual knowledge of nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action.

Indiana Code §34-51-2-16 further provides that "[t]he trial court may alter these time limitations or make other suitable time limitations"—but only "in any manner that is consistent with: (1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and (2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim."

Plaintiff filed this lawsuit more than 150 days before the statute of limitations expired on December 27, 2021.  Defendant filed its motion for leave to add non-party Aramark on January 25, 2022, nearly a month after the statute of limitations expired.  [Filing No. 20.]  The parties dispute the extent to which this Court has discretion to allow Defendant to amend.  Plaintiff argues this Court is not permitted to allow the untimely amendment [Filing No. 26, at ECF p. 6], whereas Defendant counters that the time limitations can be altered for reasons such as allowing a defendant to discover the existence of a non-party defense.  [Filing No. 29, at ECF p. 2.]  While

2

the Court agrees it retains some discretion on this issue, there are several reasons why that discretion is not properly exercised in allowing the amendment.

    First, the Court should not have relied on the fact that the CMP deadline for filing amendments had not yet expired when Defendant filed its motion for leave to amend. The CMP cannot alter the time requirements set forth in Ind. Code § 34- 51-2-16, which reflect Indiana substantive law established through the legislative process. Second, any delay in Plaintiff responding to Defendant's interrogatories is inconsequential. Plaintiff's complaint, filed March 18, 2021, alleges that she "tripped and fell over an entry way rug that was flipped up in a negligent position." [Filing No. 1, at ECF p. 6.] Thus, this complaint made Defendant fully aware that Plaintiff blamed Defendant's rug for her fall. To the extent Aramark may have some liability for supplying and servicing Defendant's rugs at the restaurant in question, there should have been no doubt in Defendant's mind that Aramark supplied and serviced Defendant's rugs. In fact, Defendant's preliminary witness list identifies a "to be determined representative" of Aramark who is expected to testify regarding rug services Aramark performed at the restaurant where Plaintiff fell. [Filing No. 18, at ECF p. 3.] Likewise, Defendant's preliminary exhibit list references "any agreements, invoices, or orders to, from, or with any rug service[.]" [Filing No. 19, at ECF p. 1.] Defendant did not need Plaintiff's interrogatory responses to know that Aramark was a potential non-party. Defendant's suggestion to the contrary rings hollow.

    A defendant's diligence identifying nonparties is measured from the time it is served with the complaint. *Kline v. Gemini Transport,* LLC, No. 1:17-cv-353-TWP-DML, 2017 WL 784691, at *2 (S.D. Ind. March 3, 2017) (denying as untimely defendants' attempt to name non-parties under Indiana's Comparative Fault Act). Defendant Red Lobster concedes Plaintiff served the complaint on Defendant on July 26, 2021. [Filing No. 29, at ECF p. 4.] Defendant's

answer, filed September 1, 2021, specifically raised as an affirmative defense that Plaintiff's damages may have been caused by the negligence of non-parties.[1] [Filing No. 6, at ECF p. 5.] As Judge Lynch observed in *Kline*, 2017 WL 784691, at *4, "The expiration of an applicable limitations period is a critical event that quite frequently occurs very early in a case, and that fact, combined with the dictates of Indiana's Comparative Fault Act, requires defendants to give the nonparty issue early and serious consideration." In light of the foregoing, the interests of justice do not support allowing Defendant to add non-party Aramark after the expiration of the statute of limitations. To do so would prejudice Plaintiff through no fault of her own, and would circumvent the framework of Indiana's Comparative Fault Act.

### III.    Conclusion

The order at issue fits into the limited window of matters that properly warrants reconsideration. For the reasons set forth, Plaintiff's motion for reconsideration [Filing No. 25] is granted. Upon reconsideration, Defendant's motion to amend to add Aramark as a non-party [Filing No. 20] is denied.

Date:  4/19/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Defendant argues that by raising this affirmative defense it expressly preserved the non-party defense in its answer. [Filing No. 29, at ECF p. 2.] However, the burden of pleading and proving the specific name of a non-party rests with the defendant under the comparative fault statute, such that a defendant that intends to use a non-party defense must specifically name the non-party. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 913 (Ind. 2001).

Distribution:

Katherine M. Haire
REMINGER CO. LPA (Indianapolis)
khaire@reminger.com

Shannon Bogard Mize
SHARTZER LAW FIRM, LLC
smize@shartzerlaw.com

Jason A. Shartzer
SHARTZER LAW FIRM LLC
jshartzer@shartzerlaw.com